SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶ 79 The majority addresses a myriad of issues raised by amendments to Chapter 980 of the statutes. Although I largely disagree with the majority's views of the constitutionality and legality of the amendments, I confine my dissent to the majority's instructions about implementing §§ 21 and 23 of the 2013 Wis. Act 84 amendments to Wis. Stat. § 980.09.
¶ 80 The majority delivers a useless, unworkable, and potentially unconstitutional standard for §§ 21 and 23 of the 2013 Wis. Act 84 amendments to Wis. Stat. § 980.09 that is not helpful to the bench, bar, or litigants.
¶ 81 The majority concludes that the 2013 amendments to Wis. Stat. § 980.09 require that a *122 circuit court "carefully examine, but not weigh" the evidence in determining whether a jury "would likely conclude" that a petitioner's condition has changed such that the petitioner no longer meets the statutory criteria for commitment and should get a hearing. Majority op., ¶ 4 (emphasis added). The majority describes the amendments as simply increasing the petitioner's burden of production-instead of being required to produce *41 a quantum of evidence such that a reasonable factfinder could find in the petitioner's favor, the petitioner must now produce a larger quantum of evidence such that a reasonable factfinder would likely find in the petitioner's favor.
¶ 82 How can a court determine what a jury "would likely conclude" without weighing the evidence favorable to discharge against the evidence unfavorable to discharge? Moreover, how is this inquiry meaningfully different from a burden of persuasion by a preponderance of evidence? Convincing a factfinder that a proposition is more likely true than not true is literally what it means to carry one's burden of persuasion by the preponderance of the evidence. In the context of Chapter 980, the proposition that a petitioner must convince a judge is more likely true than not true is that a jury will find in petitioner's favor at a discharge hearing.
¶ 83 The majority's interpretation of the amended statute creates additional problems. If determining whether a jury "would likely conclude" in favor of petitioner is simply an increase in the petitioner's burden of production, could the legislature raise the burden of production further? For example, what principle would prevent the legislature from conditioning a Chapter 980 discharge hearing on a petitioner's burden to first produce evidence such that it is beyond a *123 reasonable doubt that a jury will conclude in favor of petitioner? Under the majority's interpretation, is it possible to avoid weighing the evidence under a more stringent burden of production? At what point under the majority's interpretation will a burden of production become so onerous as to necessitate the weighing of evidence and constitute a burden of persuasion?
¶ 84 Rather than face reality and impart helpful direction to the bench and bar (or simply acknowledge that the amended statute requires the weighing of evidence and is therefore constitutionally suspect), the majority merely directs judges to "consider" or "carefully examine" (but not weigh) the allegations in the filings and the evidence in the record. Majority op., ¶¶ 4, 29-30, 64.
¶ 85 In order to comply with the majority's useless direction to carefully examine but not weigh the evidence, the circuit court will simply use the words "consider" or "carefully examine" rather than the word "weigh" when applying the amended statute. Such a subterfuge is not helpful in understanding or applying the statute. If the amended statute truly does not necessitate the weighing of evidence, then the majority should better explain how a judge is to accomplish what Wis. Stat. § 980.09 now requires without weighing evidence.
¶ 86 For the reasons set forth, I dissent.
¶ 87 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.